## INDUSTRIAL COMM v SAUNDERS

Ohio Appeals, 2nd Dist, Greene Co

No 400. Decided March 28, 1934

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Atty. Gen., Columbus, and Marcus E. McCallister, Prosecuting Attorney, Xenia, for plaintiff in error.

D. H. Thorne, for defendant in error.

## OPINION

By BARNES, J.

The petition in error sets out nine separate specifications of error, but all revolve around the question of the jurisdiction of the trial court.

Sec 1465-90 GC sets out the procedure for rehearing where the original application is denied. The pertinent part of this section reads as follows:

"If the Commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or amount of compensation and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant may within thirty days after receipt of notice of such finding of the Commission file an application with the Commission for a rehearing of his claim, whereupon the former action of the Commission thereon shall be vacated and the Commission shall fix a day for rehearing of such claim and give the claimant and his employer at least one week's prior notice thereof."

Counsel for claimant say that the Commission failed to comply with this provision of the statute in that it did not fix a day for rehearing and give the claimant and his employer the requisite one week's notice thereof.

Apparently it is the claim of counsel for the claimant that this failure to observe the procedural requirement, vested in the Common Pleas Court the jurisdiction to hear the question involved de novo. We are not advised as to the reason prompting the Commission in its failure to fix a day for hearing and giving notice thereof to the claimant and his employer.

If the action of the Commission was arbitrary and unauthorized, the legal question at once arises as to the claimant's remedy. That there is remedy by mandamus to compel the Commission to grant a rehearing in a proper case has been decided by the Supreme Court in not less than four cases.

State ex Rowlands v Industrial Commission, 118 Oh St 475;

State ex Araca v Industrial Commission, 125 Oh St 426;

State ex Yance v Industrial Commission, 125 Oh St 447;

State ex Cezkovsky v Industrial Commission, 126 Oh St 434.

No where do we find either under the provisions of the Code or in the syllabus of any decided case where the Common Pleas Court has jurisdiction to hear a case of this nature on original evidence presented in the trial. Counsel for claimant cite the case of Gravler Manufacturing Company v Wrobel, 125 Oh St 265, and quote from page 271 of the opinion by Judge Matthias. The following is the quoted portion:

"There is no claim in this case that the proceeding before the Commission was not in full and complete compliance with every requirement of the statute or that claimant was not accorded the opportunity upon the rehearing to present all the evidence available in support of her claim for compensation."

We are unable to conclude that this paragraph either directly or inferentially holds that if the claimant was not accorded the opportunity upon the rehearing to present all the evidence available in support of claim that in that event the Common Pleas Court would have jurisdiction to hear the question de novo.

This quoted portion of the opinion is purely dictum and in no sense was a necessary element to the determination of that case. The syllabus does not support the present claim of counsel. We refer to the fourth syllabus.

"The provision of that section that, upon the hearing in the Court of Common Pleas, the right of the claimant to participate or to continue to participate in such fund shall be determined upon the evidence contained in the record of the hearing before the Industrial Commission and no other evidence, is a valid requirement and is not violative of any provision of either the State or Federal Constitution."

Another case denying the jurisdiction of the Court of Common Pleas to entertain an appeal except on the evidence presented on application for rehearing is that of the **Industrial Commission of Ohio v Ramsey, 119 Oh St 497.** The syllabus in this case reads as follows:

"The Court of Common Pleas has no jurisdiction to entertain an appeal from the order of the Industrial Commission of Ohio denying a claim for compensation out of the State Insurance Fund until the claimant, after denial of his claim, has made application for a rehearing and the rehearing has been had as provided in §1465-90 **GC** (111 Ohio Laws 227) and the claim has been denied by the Industrial Commission."

We have examined with care each and every case cited in the brief of counsel for defendant in error, but in none do we find support for the proposition that the Common Pleas Court under any circumstances is authorized to receive original evidence in a hearing on appeal. It is provided in the Code that Court of Common Pleas must hear upon the evidence taken before the Commission and none other. This provision is mandatory.

Whenever the Commission acts arbitrarily and refuses to follow the procedural steps to fix a time for hearing and notify claimant as prescribed under the Code, the remedy is by mandamus.

It must not be understood that we are determining that the Commission acted arbitrarily. As heretofore stated, we have no means of knowing their reasons for failure to follow the procedural steps prescribed under the Code. The Supreme Court has said that if the Commission finds that it is without jurisdiction the rehearing must be allowed. However if the Commission entertained jurisdiction and denies compensation other than that which goes to the basis of claimant's rights, the rehearing is properly denied. This was the situation that arose in the case of **State ex Butram v Industrial Commission, 124 Oh St 589,** and therein the Supreme Court denied the right for the reason that the question of jurisdiction was not involved.

The principle of estoppel can never be given application where there is a question of jurisdiction. Netither could we sustain the verdict on the ground of substantial justice, for the same reason.

As we deem the law, there is no alternative but to reverse.

Coming now to render the judgment that the trial court should have rendered, final judgment is entered against the claimant and at his costs. Exceptions are allowed.

HORNBECK, PJ, concurs.
KUNKLE, J, not participating.